

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00025-CV

**IN THE INTEREST OF M.N.R.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-PA-00300
Honorable Susan D. Reed, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Luz Elena D. Chapa, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: June 22, 2022

AFFIRMED

Mother A.G. appeals the trial court's order terminating her parental rights to M.N.R. We affirm.

### BACKGROUND

On February 24, 2021, the Department filed a petition for protection of a child, for conservatorship, and for termination of Mother's parental rights to M.N.R.[1] A bench trial was held via Zoom on December 16, 2021. The caseworker, Marissa Benavides, testified the Department initially became involved because M.N.R. and Mother both tested positive for opiates and amphetamine at the time of M.N.R.'s birth. Benavides testified that M.N.R. was ten months old at the time of trial and Mother had no contact with the child after leaving the hospital.

---

[1]The Department also sought and obtained termination of the alleged father's parental rights.

Benavides communicated with Mother by phone, but Mother missed all the in-person meetings scheduled with Benavides. Mother had a long CPS history for drug use beginning in 2003. Benavides testified Mother was aware of the parental termination case involving M.N.R. and of the services she was required to complete, but Mother made no effort to engage in any of the services. During the last two months of the case, Mother was incarcerated in the Bexar County Jail. Benavides testified that, if the parents' rights were terminated, the Department's plan was for M.N.R. to be adopted by her current placement, her grandmother.

At the conclusion of the evidence, the trial court found the evidence supported termination of Mother's parental rights to M.N.R. for abandonment, constructive abandonment, failure to complete her court-ordered family service plan, drug use, and causing the child's addiction at birth. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(C), (N), (O), (P), and (R). The trial court further found that termination of Mother's parental rights was in M.N.R.'s best interest. *Id.* § 161.001(b)(2). Mother appeals.

## DISCUSSION

In her sole issue, Mother asserts she was denied due process of law under the federal constitution and due course of law under the state constitution because she was "not permitted to participate at trial in a meaningful manner." *See* U.S. CONST. amend. XIV, § 1; *see also* TEX. CONST. art. I, § 19. Because there is no substantive distinction between the Due Process Clause of the United States Constitution and the due-course-of-law guarantee of the Texas Constitution, we consider the constitutional claims together. *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

The record reflects the following exchange occurred when the trial court took announcements at the beginning of trial on December 16, 2021:

THE COURT:     Okay.  And who is representing the mother?

COUNSEL:     Steven Harkiewicz for the mother [A.G.], and I'm announcing not ready.

THE COURT:     Is she present?

COUNSEL:     She is not present, Your Honor.  Do you want me to tell you my not ready now or do you - -

THE COURT:     Yeah.  That's what I'm doing.

COUNSEL:     Okay.  I'm announcing not ready.  [A.G.] was incarcerated in Bexar County Jail, and I recently learned that she was transferred from Bexar County last week to the Plane State Jail.  Yesterday, I generated an order, sent it to the Court, and I understand [it] was sent to the facility.  I received a call this morning from a Ms. Eastin at the Plane State Jail, indicating that my client was refusing to come for the court proceeding.  I'm asking the Court to - - for a continuance to give me an opportunity to arrange a call with my client to discuss the ramifications of her not participating in this proceeding, which I have not had an opportunity to do since I just learned that she - -

THE COURT:     Well, she was given the opportunity - - Okay.

COUNSEL:     Yeah. I'm asking - -

THE COURT:     She was given the opportunity to come and declined.

COUNSEL:     I understand, Your Honor.

THE COURT:     Okay.

COUNSEL:     But I just learned that she got moved, so I wasn't able to arrange a jail time - - I mean, a jail call with her.  So - -

THE COURT:     Well, this wouldn't have been the first hearing on this case.

COUNSEL:     I understand.

THE COURT:     All right [sic].  I am going to overrule your not ready, and we're going to proceed.

The clerk's record contains an "Order for Audio or Zoom Conference with Prisoner" signed by the trial court on December 15, 2021.  The order instructed the warden of the Plane State Jail to make Mother available for a trial on the merits in the case involving the minor child on

December 16, 2021 at 9:00 a.m. As revealed in the above quoted exchange, the warden timely received the court order and attempted to secure Mother's presence at trial via Zoom; however, Mother refused.[2] The record also contains the judge's handwritten notes on the day of trial stating that Mother was not present and "refused to come to court." At the close of the Department's evidence, Mother's counsel reasserted the "not ready" announcement before resting. As noted, the trial court terminated Mother's parental rights to M.N.R.

Mother argues on appeal that the trial court's denial of her announcement of "not ready" and request for a continuance deprived her of her constitutional rights to due process and due-course-of-law because she was "effectively prevented from participating" in the trial. However, Mother never raised this constitutional complaint in the trial court as required to preserve the issue for appellate review. *See* TEX. R. APP. P. 33.1(a) (requiring an objection and ruling in the trial court to preserve an issue for appeal); *see also In re L.M.I.*, 119 S.W.3d 707, 710-11 (Tex. 2003) (parent asserting a due process violation in a termination case must raise the constitutional claim in the trial court to preserve error). The Texas Supreme Court has expressly determined that allowing appellate review of unpreserved due process complaints in termination cases "would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved." *Id.* at 711; *see In re A.N.G.*, No 04-16-00377-CV, 2016 WL 6775589, at *1 (Tex. App.—San Antonio Nov. 16, 2016, no pet.) (mem. op.).

After the trial court overruled the "not ready" announcement and denied the continuance, counsel for Mother did not raise any due process or due-course-of-law objection to the trial court's ruling or otherwise make the trial court aware of a constitutional complaint based on continuation of the proceeding without Mother's presence. Mother did not file a motion for new trial. Because

---

[2]In her brief, Mother states the Department "knowingly [kept] her location from trial counsel" and "failed to notify [counsel] of [Mother's] location." There is nothing in the record to support the statement.

Mother did not raise a due process complaint in the trial court, she did not preserve the issue for review and may not raise it for the first time on appeal. *In re L.M.I.*, 119 S.W.3d at 711; *In re A.N.G.*, 2016 WL 6775589, at \*1. Even if Mother had preserved her due process complaint, the record shows that Mother voluntarily absented herself from the trial despite an opportunity to participate via Zoom. There is nothing in the record before us to show or even suggest that Mother was "prevented" from participating at trial in violation of her due process rights.

## CONCLUSION

Based on the foregoing reasons, we affirm the trial court's order terminating Mother's parental rights to M.N.R.

Liza A. Rodriguez, Justice